THE STATE, EX REL. VANDER, *v.* BOARD OF COUNTY COMMRS. ET AL.

(No. 4748—Decided October 26, 1953.)

Mr. *Richard A. McClure,* for relator.
Mr. *Harry Friberg,* prosecuting attorney, and Mr. *Ed P. Buckenmyer,* for respondents.

FESS, J.  Relators instituted an action in mandamus in this court against the respondents to require them to issue a permit to relators to tap into a waterline known as No. 63 within main sewer district No. 8 in Lucas County.  Relators allege that ordinarily there is no charge for issuing such a permit, but that the county engineer has refused to issue such permit unless relators pay a charge referred to as a special assessment, in the sum of $274.

Relators rely on Sections 6602-24 to 6602-27, inclusive, General Code, and particularly on Section 6602-32, which in effect provides that the county commissioners may, upon application by a corporation, individual or public institution *outside of any sewer district,* contract for supplying water to the applicant's premises on such terms and conditions as shall be deemed equitable, but that the amount to be paid shall in no case be less than the original assessment for similar property within the district.  It is the contention of relators that inasmuch as their premises are within main sewer district No. 8, the commissioners have no authority to levy an assessment for an extension of the waterline to relators' premises.  We concur in this contention.

However, an examination of Sections 6602-17 to 6602-33c,

inclusive, General Code, discloses no provision with respect to what should be done by the commissioners incident to an extension of a waterline within a sewer district. Section 6602-17 empowers the commissioners to construct, maintain and operate any public water or waterworks system within their respective counties and empowers the board to make, publish and enforce rules and regulations (not inconsistent with the laws of Ohio) for the construction, maintenance, operation and use of public water supplied in their respective counties.

That section provides further that, subject to a penalty, no person shall make any connection with such water supply or watermain without permission on the part of the county commissioners. The section provides further that the commissioners may fix reasonable rates to be charged for water when the source of supply or distributing pipes are owned by the county or district. Although the latter provision may have been intended to apply to rates for current use, its terms are sufficiently broad to cover an installation charge.

No provision is found in the chapter of the Code relating to county water systems requiring the commissioners or any other official to issue permits to tap county waterlines. It is fundamental that mandamus will issue only to require an official to perform an act which the law specially enjoins as a duty resulting from his office. *State, ex rel. Gerspacher,* v. *Coffinberry,* 157 Ohio St., 32, 104 N. E. (2d), 1; *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.,* 159 Ohio St., 581, 113 N. E. (2d), 14.

In support of their contention, relators cite *Springmyer* v. *State, ex rel. Bowler,* 1 C. C., 501, 1 C. D., 279; and *State, ex rel. Durner,* v. *Graydon,* 6 C. C., 634, 3 C. D., 621. In those cases, however, a specific duty was imposed by statute or ordinance upon the respondents therein to issue a permit or license to make a connection with a sewer.

In the absence of a showing that the respondents are specially enjoined by law to issue a water permit to relator and that relator's right thereto is clear, the writ is denied.

*Writ denied.*

Conn and Deeds, JJ., concur.